United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA XIAOYAN LI,<br><br>  Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., et al.,<br><br>  Defendants. | Case No. 23-cv-03347-JSW<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM UNTIMELY JURY DEMAND**<br><br>Re: Dkt. No. 11 |

Now before the Court is Plaintiff Nina (Xiaoyan) Li's motion for relief from her untimely jury demand pursuant to Federal Rules of Civil Procedure 39(b) and 6(b). Plaintiff's counsel seeks the Court's discretionary determination whether to grant relief to allow her untimely jury demand. Plaintiff's counsel were inaccessible during the window of time for filing of a jury demand after Defendant removed this case to federal court. The case was removed, thereby setting a deadline of July 19, 2023, to file a demand for a jury trial, within 14 days of removal to federal court. At that time, Plaintiff's counsel were out of the country and inaccessible.

The Ninth Circuit has held that the discretion given to a judge under Rule 39(b) is "'narrow' and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.'" *Ruiz v. Rodriguez*, 206 F.R.D. 501, 504 (E.D. Cal. 2002) (quoting *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001)). Other circuit courts have interpreted Rule 39(b) to require a court to grant a motion for a jury trial "in the absence of strong and compelling reasons to the contrary." *Id.* (quoting *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990)).

1    Here in the present case, the Court finds that counsel's absence from the jurisdiction and
2    their prompt remedying of the filing a demand for a jury trial resulted not from inadvertence or
3    oversight, but rather from the unique circumstances of Defendant's removal and counsel's known
4    absence.  The Court finds that Defendant will not be prejudiced and the demand for a jury will not
5    delay the trial or otherwise disrupt proceedings and further that granting the request will not have a
6    negative effect on the Court's calendar or the administration of justice.  *See Ruiz*, 206 F.R.D. at
7    505.  Here, Plaintiff's counsel filed the demand for a jury trial only eight days after it was due and
8    only two days after learning of the removal of the action to federal court.  Under these unique
9    circumstances, the Court exercises its discretion to permit the late-filed demand for a jury trial and
10   GRANTS Plaintiff's motion for relief.

12   **IT IS SO ORDERED.**

13   Dated:  September 18, 2023

_____
JEFFREY S. WHITE
United States District Judge