UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA XIAOYAN LI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCK & CO., INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03347-JSW   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 44, 46, 55 |

We are here on two discovery disputes. ECF Nos. 44, 46 and 55. The Court held a hearing on December 10, 2024 and now issues the following order.

**A.    Defendants' Motion to Compel**

Defendants move to compel concerning their requests for production ("RFPs") 40-78, which seek documents and communications exchanged between Plaintiff or her counsel and certain third parties (some of whom Plaintiff identified in her response to interrogatory 18) pertaining to this case and/or the allegations in the complaint. In the letter brief, Defendants request an order that Plaintiff (1) produce documents and communications (including emails, texts, social media (WeChat) messages) exchanged with third parties; (2) identify which devices and accounts were imaged and when; (3) identify which devices and accounts were searched, including search terms and date ranges; and (4) produce a log of communications with third parties that are being withheld on work product grounds.

During the hearing, Defendants clarified that item number 3 is now moot. With respect to item number 4, Plaintiff's counsel say that at some point they came to represent the third parties. The parties agreed that any attorney-client communications from after the third parties retained Plaintiff's counsel need not be logged. Plaintiff's counsel said at the hearing that they have

completed items 1 and 4.  With respect to item number 2, Plaintiff's counsel were not able to confirm at the hearing whether any devices or accounts were imaged or when, but stated they could find out that information.

The Court thinks that these communications are relevant and discoverable.  Despite the representations by Plaintiff's counsel, Defendants are skeptical that all responsive documents have been produced.  The Court thinks Defendants are entitled to an order saying what Plaintiff must produce.  If Plaintiff has already produced those items, then there is nothing further to produce.  Accordingly, the Court **GRANTS** Defendants' motion to compel as to RFPs 40-78 as follows:  the Court **ORDERS** Plaintiff to produce responsive documents and communications (including emails, texts, social media (WeChat) messages) and to log any responsive documents that are being withheld.[1]  The log need not include attorney-client communications from after the time the third party retained Plaintiff's counsel.  The Court **ORDERS** Plaintiff to identify which devices and accounts were imaged and when, if any were imaged.

### B. Plaintiff's Motion for More Depositions

Plaintiff moves under Rules 30(a)(2) and 26(b)(1) and (2) to take seven additional depositions (beyond the default limit of ten per side), each limited to two hours, for the seven individuals identified in ECF No. 46.  The Court finds that there is good cause to authorize these additional depositions and that they are proportional to the needs of the case.  Accordingly, Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 10, 2024

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] This order does not rule on any claims of attorney-client privilege or work product.

2