1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7      NINA XIAOYAN LI,                        Case No.  23-cv-03347-JSW   (TSH)

8                    Plaintiff,
                                               **DISCOVERY ORDER**
9          v.
                                               Re: Dkt. Nos. 86, 88, 94, 98
10     MERCK & CO., INC., et al.,

11                   Defendants.

12

13            The parties have filed joint discovery letter briefs at ECF Nos. 86, 88 and 98, and Plaintiff

14     has filed a brief at ECF No. 94.  The Court addresses them as follows.

15     **A.      ECF No. 86**

16            **1.      Format of Document Production**

17            Defendants argue that Plaintiff has produced documents in an improper fashion, such as

18     "PDF files that are hundreds of pages long, in which documents are randomly thrown together

19     with no organization," and that documents were not produced in a usable form, such as lacking

20     metadata, dates, and sender and recipient information.  Defendants say this is a pervasive problem

21     in Plaintiff's document production.  ECF No. 86 at 2-3.  Plaintiff denies this and says "Plaintiff's

22     counsel followed their usual practice which is to produce documents in text-searchable PDF

23     format."  *Id*. at 6.

24            Defendants provide some examples of the problems they see.  Exhibit F attaches a 10 page

25     PDF file that is random documents thrown together, the last two of which reference attachments

26     that are missing.  Exhibits G-1 and G-2 are emails where the text is cut off on the right hand side

27     and the dates of the emails are missing.  These are examples of improperly produced documents.

28            The remedy Defendants seek is for the Court to basically order Plaintiff to redo her

1    document production, including collecting and imaging her devices and accounts.  While the

2    Court does not want to review Plaintiff's entire document production, the Court would like to see

3    a demonstration that the problems Defendants have identified are pervasive and that the issue is

4    not just a couple of unfortunate examples.  Accordingly, the Court **ORDERS** Defendants to file

5    200 to 300 pages of Plaintiff's produced documents, in the form produced by Plaintiff, that

6    illustrate the problems Defendants see in her document production.  Defendants shall file these

7    documents within seven days.

      **2.**    **RFAs 17 and 18**

      Here are Defendants' RFAs 17 and 18 and Plaintiff's responses:

      REQUEST FOR ADMISSION NO. 17

      ADMIT that you contemplated litigation against your employer as of
December 12, 2022.

      RESPONSE TO REQUEST FOR ADMISSION NO. 17

      Admit that by this date Plaintiff was looking for a lawyer with whom
to consult to find out her legal rights because Defendants had not
remediated the discrimination and retaliation and instead it was
escalating. Deny that as of this date Plaintiff was contemplating filing
a lawsuit against Defendants.

      REQUEST FOR ADMISSION NO. 18

      ADMIT that you anticipated litigation against your employer as of
December 12, 2022.

      RESPONSE TO REQUEST FOR ADMISSION NO. 18

      Admit that by this date Plaintiff was looking for a lawyer with whom
to consult to find out her legal rights because Defendants had not
remediated the discrimination and retaliation and instead it was
escalating. Deny that as of this date Plaintiff anticipated filing a
lawsuit against Defendants.

      Defendants say these responses are evasive, with improper hedges and caveats.  Plaintiff

says these responses are accurate.  She says that she is a first generation immigrant who was

entirely unfamiliar with her rights and that she sought legal consultation in an effort to understand

her rights.  Plaintiff claims she did not actually contemplate or anticipate litigation until March 10,

2023, the day after she was terminated.

      Defendants do not cite any legal authority for the proposition that looking for a lawyer to

2

consult with to find out what one's rights are is necessarily the same thing as contemplating or anticipating litigation. Further, as a matter of common sense, some people might find the idea of suing their current employer completely unpalatable. The Court can't say that it is unrealistic for Plaintiff to claim that she did not contemplate or anticipate litigation until the day after her termination. Accordingly, the Court is unable to conclude that these RFA responses are evasive and **DENIES** Defendants' motion on this issue.

### 3.    In Camera Review

Defendants state that the 17 documents on Plaintiff's privilege log include non-lawyer "third parties." The only third party they identify is Plaintiff's daughter. They request that the Court review the documents in camera. Plaintiff says the inclusion of her daughter is permitted by California Evidence Code § 912(d). However, Plaintiff agrees to in camera review by the Court.

Accordingly, the Court **ORDERS** Plaintiff to submit these documents to the Court for in camera review. She shall submit them within seven days in hard copy format.

### 4.    Rogs 24, 20 and 22

Rog 24 asked Plaintiff to "Identify all DOCUMENTS YOU received, requested, or reviewed containing any of DEFENDANTS' confidential or proprietary information since YOUR termination." Plaintiff objected that Defendants did not define the words "confidential" or "proprietary." The Court **OVERRULES** that objection and **ORDERS** Plaintiff to answer the rog. Plaintiff alleges that she was employed by Defendants for more than 17 years, "was a highly regarded and accomplished employee," and for some period of that time was a Principal Scientist. Complaint ¶¶ 9, 10. She knows what confidential and proprietary documents are. And she testified to that effect in her deposition. ECF No. 86-8 at 171-73.

Rog 20 asked Plaintiff: "To the extent YOU deleted, destroyed, or threw away, directed anyone else to delete, destroy, or throw away, or are aware of anyone else deleting, destroying, or throwing away ANY DOCUMENTS called for by any of DEFENDANTS' document requests, describe in detail when, why, and how such documents were deleted, destroyed, or thrown away."

Her supplemental response states:

Plaintiff objects to this interrogatory as compound. With waiving said

United States District Court
Northern District of California

United States District Court
Northern District of California

objection Plaintiff responds that although March 10, 2023, is the first time she contemplated/anticipated filing a lawsuit against Defendants, she can state that dating back to the time she first sought legal advice in December 2022 she has not intentionally concealed or destroyed documents she understood were relevant to her reports of discrimination/retaliation. Further, since filing her lawsuit she has not intentionally concealed or destroyed documents she understood were relevant to her lawsuit. Nor did she direct anyone to do so. Nor is she aware of anyone doing so. She can further state that she is not aware of any document that is lost or cannot be found other than handwritten edits made by either her or Grace Chen on draft communications relating to her reports of discrimination/retaliation.

Rog 22 asked: "Identify each and every DOCUMENT or other piece of tangible evidence relevant to Plaintiff's claims and Defendants' defenses which has been lost, destroyed, or cannot be found."

Her supplemental response states:

Plaintiff objects to this interrogatory as compound. With waiving said objection Plaintiff responds that although March 10, 2023, is the first time she contemplated/anticipated filing a lawsuit against Defendants, she can state that dating back to the time she first sought legal advice in December 2022 she has not intentionally concealed or destroyed documents she understood were relevant to her reports of discrimination/retaliation. Further, since filing her lawsuit she has not intentionally concealed or destroyed documents she understood were relevant to her lawsuit. Nor did she direct anyone to do so. Nor is she aware of anyone doing so. She can further state that she is not aware of any document that is lost or cannot be found other than handwritten edits made by either her or Grace Chen on draft communications relating to her reports of discrimination/retaliation.

The **GRANTS** Defendants' motion to compel and **ORDERS** Plaintiff to answer these rogs. Her response to rog 20 limits her answer to December 2022 to the present, adds intentionality, and changes the subject from documents requested by Defendants to documents she understood were relevant to her lawsuit. Similarly, her response to rog 22 limits her answer to December 2022 to the present and adds intentionality.

### 5.    RFPs 93-99

Plaintiff states in the January 21, 2025 filing, that "during the coming week Plaintiff will be supplementing her responses." The Court **ORDERS** the parties to file within seven days either (1) a statement that the dispute over RFPs 93-99 has been resolved, or (2) a further joint discovery letter brief with Plaintiff's updated responses and the parties' arguments concerning whether they are sufficient.

4

**6.      Leave to File Spoliation Motion**

The Court previously granted this request in ECF No. 85.

**B.      ECF No. 88**

Plaintiff raises a few issues concerning her RFPs 1-20, which relate to Defendants' after-acquired evidence defense.

**1.      Form of Objections**

Plaintiff states that "[t]o the extent Defendants are withholding any documents based on any objections, Defendants must state that fact in their responses."  ECF No. 88 at 2.  That is correct.  Fed. R. Civ. Proc. 34(b)(2)(C).  Defendants' RFP responses assert general and specific objections, and then say "subject to these objections," Defendants will produce certain documents (such as documents sufficient to show that employees have received final written warnings or been terminated after violating Merck's policies regarding the safeguarding of company-owned information).  However, Plaintiff is correct that Defendants' responses do not specify whether any responsive documents are being withheld on the basis of each objection, and the "subject to these objections" formulation leaves that unclear.

Plaintiff also states that "with respect to each objection, Defendants must identify the specific document or evidence requested as to which the objection is made and set forth with specificity the grounds for the objection."  ECF No. 88 at 2.  But that's not correct.  Rule 34 says that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. Proc. 34(b)(2)(B).  The "item or category" means the document request.  There is no requirement to specifically identify each document embraced by a given objection, and such a requirement would not make any sense.  If a responding party objects that the search required to locate all responsive documents is unduly burdensome, for example, it doesn't know all the specific documents that are embraced by that objection.

Accordingly, the Court **ORDERS** Defendants to serve amended RFP responses within seven days that state for each objection whether responsive documents are withheld based on that objection.

United States District Court
Northern District of California

### 2.    Substance of Response

Plaintiff's RFPs seek any and all documents that reflect that any of Defendants' employees has ever been disciplined (RFPs 1, 4, 7, 10, 13, 16, 19 ) or terminated (RFPs 3, 6, 9, 12, 15, 18, 20) for engaging in certain conduct, and any and all incident forms that reflect that any of their employees has ever engaged in certain conduct (RFPs 2, 5, 8, 11, 14, 17).  Presumably, the idea is to compare the known incidents to the disciplinary actions and terminations to see if it really is Defendants' policy to terminate employees who did what Plaintiff did.  In response to each RFP, Defendants state they will produce documents sufficient to show that employees have received final written warnings or been terminated after violating the policies at issue.

Plaintiff now moves to compel the full scope of these RFPs for the time period January 1, 2015, i.e., the last decade.  A glance at Wikipedia tells us that Defendant Merck & Co., Inc., has about 72,000 employees.  Defendants are right that the decade-long, company-wide search contemplated by these RFPs is not proportional to the needs of this case.  The Court is not going to order Defendants to search for every instance in which one of these things happened.  Plaintiff's motion to compel is **DENIED**.

This denial is without prejudice to Plaintiff making a narrower, reasonable request.  Searching for comparators can be a good use of discovery in an employment dispute case.  But when the employer is huge, as Merck is here, a company-wide search for comparators would be time-consuming and expensive out of all proportion to the needs of the case.  A more reasonable approach might be to focus on similar employees, or within a particular subgroup or division of the company.  But Plaintiff's request for, among other things, every instance in the past decade in which one of Merck's tens of thousands of employees was disciplined for particular conduct is overreaching.  Even if there were very few instances of such discipline, the search that would need to be conducted to determine that is not proportional to the needs of the case.

### 3.    Form of Production

Plaintiff says that Defendants have produced documents neither labeled to correspond to her RFPs, nor as they are kept in the ordinary course of business.  Plaintiff says that Defendants produced PDF files that contain multiple unrelated documents.  Defendants deny this.  They say

United States District Court
Northern District of California

they produced documents as they are kept in the ordinary course of business and that they did not group unrelated documents into the same PDF file.

Plaintiff does not provide any examples of the problems she says exist. The Court **ORDERS** Plaintiff to file 200 to 300 pages of Defendants' produced documents, in the form produced by Defendants, that illustrate the problems Plaintiff sees in their document production. Plaintiff shall file these documents within seven days.

**C.     ECF No. 98**

**1.     Depositions of Xiaolan Shen and Liming Yang**

The Court **ORDERS** that Plaintiff may depose Shen and Yang for an hour each about anything relevant to the case.

**2.     Rule 30(b)(6) Notice**

The parties provide very little discussion about the content of the Rule 30(b)(6) deposition notice, and the joint discovery letter brief does not suggest that any meaningful meeting and conferring has taken place. The Court **ORDERS** the parties to meet and confer about the Rule 30(b)(6) deposition notice, and if they are not able to reach an agreement, to file another joint discovery letter brief about this deposition notice within seven days.

**3.     Forensic Exam and Claw Back**

The Court **ORDERS** Plaintiff to file a statement within seven days that responds to Defendants' arguments concerning a forensic exam and the clawed back document.

**D.     ECF No. 94**

The Court has addressed Plaintiff's request to depose Shen and Yang above. Plaintiff may file a five page supplemental opposition to Defendants' sanctions motion within seven days after taking those depositions, and Defendants may file a five page sur-reply in support of the sanctions motion within seven days after Plaintiff files her supplemental opposition.

**IT IS SO ORDERED.**

Dated: February 7, 2025

THOMAS S. HIXSON
United States Magistrate Judge

7