UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA XIAOYAN LI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MERCK & CO., INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03347-JSW (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 86, 88, 98, 104, 105, 106, 108, 109, 110, 112, 113 |

This order is a follow up to the discovery order at ECF No. 102.

**A.    ECF Nos. 86, 104, 106, 109, 110, 113**

**1.    Format of Document Production**

In ECF No. 86 Defendants argued that Plaintiff has produced documents in an improper fashion, such as "PDF files that are hundreds of pages long, in which documents are randomly thrown together with no organization," and that documents were not produced in a usable form, such as lacking metadata, dates, and sender and recipient information. Defendants said this is a pervasive problem in Plaintiff's document production. ECF No. 86 at 2-3. Plaintiff denied this and said "Plaintiff's counsel followed their usual practice which is to produce documents in text-searchable PDF format." *Id*. at 6. The Court ordered Defendants to file 200 to 300 pages of Plaintiff's produced documents, in the form produced by Plaintiff, that illustrate the problems Defendants see in her document production. Defendants have done this in ECF No. 110.

The submitted documents are a complete mess. Documents were not produced with their attachments. Email threads are incomplete. Emails don't have dates on them. Many of the documents appear to be text messages, but they do not indicate a sender, recipient, or date. For many of these documents, it's unclear what they are; they might be communications, or they might

not be. Documents are combined randomly; sometimes unrelated documents are on the same page. Many of the documents appear to be pictures or screen shots of documents, such as pictures of emails or screen shots of texts.

This is not a proper document production. Although Plaintiff is represented by counsel, it is obvious that counsel handed off document collection to their client, and documents were never collected in an appropriate way. The Court understands that when it comes to emails from Plaintiff's Merck email account, pictures and screen shorts might be all that she has because she is no longer an employee. But documents were not properly collected from Plaintiff's personal email account, cell phone, or other electronic devices.

The Court **ORDERS** Plaintiff to redo her document collection and production. Counsel must retain a document vendor to collect Plaintiff's documents in the normal way that documents are collected for litigation, and counsel must review and produce them.

### 2.   In Camera Review

In ECF No. 86, Defendants stated that the documents on Plaintiff's privilege log include non-lawyer "third parties." The only third party they identified is Plaintiff's daughter. They requested that the Court review the documents in camera. Plaintiff said the inclusion of her daughter is permitted by California Evidence Code § 912(d), which applies here because of Federal Rule of Evidence 501. However, Plaintiff agreed to in camera review by the Court.

The Court has reviewed the documents in camera and **FINDS** that pursuant to California Evidence Code § 912(d), the inclusion of Plaintiff's daughter did not waive the privilege. The disclosure to her daughter was reasonably necessary to accomplish the purpose of the privileged communication because her daughter is fluent in English and acted as an interpreter/translator for her mother.

### 3.   RFPs 93-99

The parties report that they have resolved their disputes as to RFPs 93, 94, 96, 97, 98 and 99. However, they are at an impasse with respect to RFP 95 ("All DOCUMENTS that YOU sent to YOUR personal email address from YOUR work email address at any time."). Plaintiff agreed to identify responsive documents, but declined to agree to produce them in native format. There

2

are two disputes here.  First, is Plaintiff obligated to produce responsive documents, or just identify them?  Second, if Plaintiff must produce them, does she have to do so in native format?

As to the first question, Plaintiff must produce the requested documents, not just "identify" them.  This is a request for production, not an interrogatory.  Plaintiff argues that she need not produce them (or need not produce them in native format) because Merck presumably has them.  Certainly, Merck had them at some point, such as when the emails were sent, but Merck expresses doubt that it necessarily has them still.  And before a litigation hold is put in place, we can't be sure that every email was kept.  Further, you can't refuse to produce relevant documents on the ground that you think your opponent also has them.

As to the second question, there is no need for Plaintiff to produce the emails in native format.  The RFPs did not specify a form for producing documents.  Defendants argue that the RFPs requested documents in their "original" form and that this was a request for documents in their native format.  The Court disagrees.  The RFPs used the word "original" in contradistinction to the word "duplicate," requesting both originals and duplicates.  That doesn't say anything about the *form* in which originals and duplicates must be produced.  Here, where the RFPs did not specify a form, Plaintiff must produce the documents in a form in which they are ordinarily maintained or in a reasonably usable form.  Fed. R. Civ. Proc. 34(b)(2)(E)(ii).

Accordingly, the Court **GRANTS** Defendants' motion to compel with respect to RFP 95 and **ORDERS** Plaintiff to produce responsive documents in compliance with Rule 34(b)(2)(E)(ii).

**B.    ECF Nos. 88, 108**

**1.    Form of Production**

In ECF No. 88, Plaintiff said that Defendants have produced documents neither labeled to correspond to her RFPs, nor as they are kept in the ordinary course of business.  Plaintiff said that Defendants produced PDF files that contain multiple unrelated documents.  Defendants denied this.  They said they produced documents as they are kept in the ordinary course of business and that they did not group unrelated documents into the same PDF file.  The Court ordered Plaintiff to file 200 to 300 pages of Defendants' produced documents, in the form produced by Defendants, that illustrate the problems Plaintiff sees in their document production.  Plaintiff has now done so.

ECF No. 108.

The Court has reviewed these documents, and there do not appear to be any significant problems with Defendants' document production. The Court therefore **DENIES** Plaintiff relief.

**C.     ECF No. 98, 105, 112**

   **1.     Rule 30(b)(6) Notice**

The parties report that they are near to resolving their disputes as to topics 1, 2, 16, 17 and 12(a)-(c) and (e) and do not seek the Court's help at this time. In dispute are topics 3-11, 12(d) and 13-15. Defendants object, saying they are improper contention topics. The Court agrees with Defendants.

Contention discovery is expressly provided for in Rules 33 and 36 for interrogatories and requests for admission. *See* Fed. R. Civ. Proc. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"); Fed. R. Civ. Proc. 36(a)(1)(A) (requests for admission may relate to "facts, the application of law to fact, or opinions about either"). But Rule 30(b)(6) does not provide for contention depositions, and "a Rule 30(b)(6) deponent's . . . legal conclusions do not bind the entity." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1104 (9th Cir. 2018).

"[A] 30(b)(6) deposition is not an appropriate vehicle for taking discovery into legal conclusions." *Zeleny v. Newsom*, 2020 WL 3057467, *2 (N.D. Cal. June 9, 2020); *see also Lenz v. Universal Music Corp.*, 2010 WL 1610074, *3 (N.D. Cal. April 20, 2010) (questions about legal contentions are "an improper topic for a Rule 30(b)(6) deposition"); *3M Co. v. Kanbar*, 2007 WL 1794936, *2 (N.D. Cal. June 19, 2007) (topics "seeking legal conclusions . . . should not form the basis for 30(b)(6) deposition topics").

Topics 3-11, 12(d) and 13-15 are improper contention topics. They ask Defendants to designate one or more witnesses to memorize the entirety of Defendants' counterclaims, including all the bases for them and every last detail about them. Several portions of these topics seek so much detail that no human being could possibly memorize that amount of information. E.g., topic 3(b) ("the identity of each confidential document and for each document what qualifies it as confidential"); 5(a) ("the dates each Merck document was accessed/printed and/or downloaded").

4

1  That these topics seek contention discovery, rather than factual information, is further underscored
2  by the fact that they ask about Defendants' litigation positions concerning "Plaintiff's purpose" in
3  engaging in certain conduct (e.g., topics 3(c), 4(c)) and whether "Plaintiff was enriched" by her
4  alleged conduct (topics 3(e), 4(e)).  Those are litigation positions developed by counsel, not
5  factual matters that Defendants would have knowledge about.

6  Plaintiff's motion to compel on these topics is **DENIED**.

**2.    Forensic Exam**

In ECF No. 98 Defendants requested an order compelling a forensic examination of Plaintiff's and her husband's devices.  Defendants also separately seek the same relief as part of their pending motion for sanctions.

Above the Court has agreed with Defendants that Plaintiff's slipshod document collection and production has to be redone.  However, simply as a matter of conducting document production, Defendants have not shown that a forensic examination is warranted.  Accordingly, Defendants' request is **DENIED**.  The Court will separately decide if a forensic examination is warranted in response to Defendants' sanctions motion.

**3.    Claw Back**

Plaintiff has clawed back ECF No. 77-24, yet it remains on the public docket.  The Court has reviewed the document, as well as counsel's declaration at ECF No. 105-1, and concludes that it is attorney-client privileged.  Accordingly, the Court **ORDERS** that ECF No. 77-24 be **SEALED**.

**IT IS SO ORDERED.**

Dated: February 20, 2025

THOMAS S. HIXSON
United States Magistrate Judge